UNITED STATES of America, Plaintiff

v.

Jose Enrique **RODRIGUEZ–POMALES**, Defendant.

**Criminal No. 06–343 (GAG).**

United States District Court, D. Puerto Rico.

Aug. 17, 2007.

Dina Avila–Jimenez, United States Attorney's Office, San Juan, PR, for Plaintiff.

Joseph C. Laws, Victor J. Gonzalez–Bothwell, Federal Public Defender's Office, Hato Rey, PR, for Defendant.

### OPINION AND ORDER

GELPI, District Judge.

Defendant's post-trial motion for judgment of acquittal and new trial pursuant to Fed.R.Crim.P. 29 & 33 (Docket Nos. 68 & 77) is hereby **DENIED**. At issue is whether an earlier sworn statement provided to commonwealth prosecutors by agent Leonel Rodríguez—a principal government witness in this case—constitutes *Jencks/Giglio* material which the government should have disclosed to the defense. If so, the court must determine whether the purported violation warrants the defendant's acquittal or a new trial.

The particular statement in question was provided by agent Rodríguez subsequent to defendant's arrest (*see* Docket No. 77 attachments 2) (translation) and 4 (Spanish original). The same contains a narrative of the circumstances surrounding the arrest. Agent Rodríguez's declarations therein are clearly interwined with the facts giving basis to the instant indictment, in which defendant stands charged with being a felon in possession of a firearm, 18 U.S.C. § 922(g). Specifically, the sworn statement denotes how agent Rodríguez apprehended defendant with drugs and a firearm in his possession.[1]

At trial, during cross-examination, agent Rodríguez admitted that he had provided the sworn statement to commonwealth officials.[2] Counsel, thus, requested the statement from the government. The

prosecutor responded that the statement was not in the federal government's possession, hence did not have to be provided to defendant. Defense counsel, at the time, was unaware of the sworn statement's contents, and hence could not proffer the same. The court from the bench denied defendant's motion for mistrial/acquittal, without prejudice that defendant, if convicted, obtain the statement and raise the matter again in a post-trial motion. Following the jury's guilty verdict, defendant timely filed his Rule 29 & 33 motion.

The government in its response (Docket No. 81) concedes that agent Rodríguez's statement falls within the purview of the *Jencks* Act, 18 U.S.C. § 3500. However, it argues that the same was not within its "possession" because it was in the hands of commonwealth authorities, which originally investigated the case. Moreover, there was no joint federal-commonwealth investigation; defendant was only prosecuted federally for the possession of the firearm as a felon, and not the drugs. *See* Response (Docket No. 81) at pages 3–4. Accordingly, the government sustains that it did not have a *Jencks* Act duty to provide the defendant with agent Rodríguez's statement.

Insofar as *Giglio*[3] is concerned, the government notes that agent Rodriguez's sworn statement may contain some slight discrepancies from his subsequent testimony during trial. Notwithstanding, it reiterates that the sworn statement was not under its custody, hence, it was under no duty to provide the same. *See* Response (Docket No. 81) at page 81.

1. During the federal trial, the Court granted defendant's *in limine* motion pertaining to mention of the drugs.

2. Defense counsel also found out that agent Rodríguez had testified during defendant's probable cause hearing before the common-

wealth court. He was, however, able to obtain a recording of said testimony, and used the same for cross-examination.

3. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

■ The court disagrees with the government's claim that there was not a *Jencks* Act obligation to turn over the sworn statement to defendant. Although certainly this was not a joint federal-commonwealth investigation, the government's key witness was commonwealth police agent Rodríguez. It was this individual who arrested defendant and found the weapon at issue in his possession. Inasmuch as agent Rodríguez's testimony was within the federal prosecution's evidence, his prior related statements at the state level, likewise should be considered to be within the government's possession. As such, the Court forcefully concludes that, in this specific instance, the sworn statement constitutes *Jencks* material which had to be provided to the defense. Just like defense counsel easily inquired Rodríguez whether he had made any statements at the commonwealth level, the prosecution, in preparing for this trial could have, without much difficulty, acted likewise.[4] *Cf. United States v. Cagnina,* 697 F.2d 915, 922–923 (11th Cir.1983) (holding that anything in control of a state court is not in the prosecutor's possession for disclosure purposes).

■ The Court likewise disagrees with the government's analogous *Giglio* argument. Having examined the sworn statement itself (Docket No. 77, attachments 2 and 4), it is evident that with it defense counsel would have had additional impeachment material. In the same, there are some discrepancies regarding the precise sequence of events testified to by agent Rodriguez, in particular, how he observed defendant with the gun at the time of the arrest. Consequently, *Kyles v. Whitley,* 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) mandates that the statement be provided. The government's lack of possession argument fails for the very same reason its *Giglio* argument falls short. In this instance, the statement was made by its key witness at trial and was readily obtainable from Rodríguez or commonwealth law enforcement authorities, through the exercise of due diligence.[5] *See, e.g., United States v. Hanna,* 55 F.3d 1456, 1457–1461 (9th Cir.1995) (report of state arresting officer who was a witness in Section 922(g) federal prosecution was *Kyles* material; prosecutor, thus, should have inquired about the same).

■ Notwithstanding the government's obligation to produce agent Rodríguez's statement, the court, based on the particular case facts, concludes that the noncompliance with *Jencks/Giglio* disclosure requirements does not warrant a judgment of acquittal nor new trial. As the government correctly argues, the statement at issue could not have come as a surprise to defendant, who with reasonable diligence could have also obtained the same. *See* Response (Docket No. 81) at pages 5–6. Defendant himself was clearly aware that he had been arrested by agent Rodríguez and charged in local court. He was also aware that agent Rodríguez testified at his probable cause hearing, following his arrest. Defense counsel was able to directly obtain from local court counsel a recording

---

4. As mentioned earlier, this sworn statement was not Rodríguez's only other statement at the local level. He also testified at a probable cause hearing, *see* note 2, *ante.*

5. The court simply cannot ignore the extensive collaboration between federal and state law enforcement authorities in the island, such as the H.I.D.T.A. initiative, as well as joint task forces between most, if not all, federal and state agencies, including the Puerto Rico justice and police departments. Obtaining copy of agent Rodríguez's statement from local prosecutors or police would have been a relatively simple task, given longstanding federal-state investigation and prosecution efforts in narcotic and firearm cases.

of his probable cause proceeding. This, he used to cross-examine officer Rodríguez. Likewise, defendant could have himself procured the sworn statement, if necessary via a court order or subpoena. Given that agent Rodríguez was the arresting officer and was alone at the time of the event, it was quite foreseeable that the federal case would hinge primarily on his testimony. Accordingly, the court finds that the government's non-compliance with *Jencks/Giglio* was cured by defendant's own ability to obtain the statement at issue. *See United States v. Pandozzi*, 878 F.2d 1526, 1529–1530 (1st Cir.1989) (the government under *Brady* need not turn over information which with reasonable diligence, defendant himself can obtain).

■ In addition, the Court concludes that defendant was not prejudiced at trial despite not having a copy of agent Rodríguez's sworn statement. *See United States v. Duval* 496 F.3d 64, 73–75, 2007 WL 2253505 *6–7 (1st Cir.2007) ("not all convictions must be vacated because of non-conmpliance with disclosure obligations; [the court] must also determine whether [defendant was prejudiced]"). Defense counsel was extremely well-prepared at trial. He effectively and thoroughly cross-examined agent Rodríguez about discrepancies between his trial testimony and earlier statements. These discrepancies, in the court's opinion are not significant. They do not put into question the fact—ultimately found by the jury—that defendant, when arrested by Rodríguez, had a firearm in his possession. The additional sworn statement, even if available at trial, would have made no difference. *See id* at * 8 ("the [impeachment material] would have been cumulative of other evidence, and it is unclear that [its] addition would have 'put the whole case in such a different light as to undermine confidence in the verdict' "). The discrep-

ancies in testimony noted by defendant pertain to whether he was standing or kneeling, whether seconds earlier he threw or hid the firearm when spotted by the agent, or instead, whether he had the weapon in his hand and attempted to hide it. Further, all other alleged inconsistencies in testimony pertain to collateral matters which do not contradict the fact of defendant's possession of a firearm at the time of his arrest. *Cf. Hanna*, 55 F.3d at 1458, 1460–1461 (Section 922(g) case remanded for *Kyles* evidentiary hearing where state officer's arrest report and trial testimony contained significant differences; report stated that gun was found during search incident to arrest, and trial testimony was that gun was found several minutes after arrest and in a different location, as defendant was being transported in arrest van).

In light of the above, defendant's Rule 29 and 33 motion is **DENIED**. The jury's guilty verdict thus stands.

**SO ORDERED.**